IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JONATHON MARK,

                Plaintiff,

   v.

                                        OPINION and ORDER

MR. WINKLESKI, MR. THOMAS, MR. CAHAK,
MR. INGENTHRON, MR. RAHIF, MS. HARPER,       21-cv-650-jdp
LT. HAAG, MS. HUNEKE, and JOHN AND/OR JANE
DOE,

                Defendants.

---

Pro se plaintiff Jonathan Mark has filed a proposed civil action against prison staff at New Lisbon Correctional Institution, where he was previously incarcerated. Mark is proceeding without prepayment of the filing fees for this action. Usually, the next step would be for the court to screen the complaint to determine whether there is a basis for exercising jurisdiction, and to determine whether any claims should be dismissed as legally frivolous, malicious, for failure to state a claim upon which relief may be granted, or because Mark is asking for money damages from a defendant who by law cannot be sued for money damages. *See* 28 U.S.C. § 1915(e)(2)(B).

I cannot conduct the required screening because Mark's complaint does not provide enough information about his claims against defendants. In addition, his complaint includes unrelated claims against different defendants that cannot proceed together in one lawsuit. I will give Mark an opportunity to file an amended complaint that provides more information and that focuses on a single event or a series of related events.

ANALYSIS

Mark's complaint includes allegations about several incidents that occurred between July 2020 and November 2020. He alleges that various defendants, at various times, denied him outside recreation, denied him care for pain, denied him an adequate mattress, exposed him to Covid-19, issued him a false conduct report, and intentionally caused him to miss a statutory filing deadline. Mark contends that defendants' conduct violated his constitutional rights.

Mark cannot proceed with any of his claims, however, because his complaint has two primary problems. First, Mark's allegations are too vague and conclusory to state a constitutional claim against any defendant. Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what Mark believes they did to violate his rights. The complaint also must contain enough allegations of fact to support a claim under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Mark's complaint does not include enough information to meet this standard, so it does not comply with Rule 8. For example, Mark alleges that certain defendants denied him recreation, a mattress, and pain treatment, but he provides no allegations suggesting that these denials subjected him to a substantial risk of serious harm or denied him adequate medical treatment for a serious medical need, as would be required to state an Eighth Amendment claim. Similarly, he alleges that a staff member caused him to miss a statutory filing deadline, but he does not say what the deadline he missed, why he missed it, or whether he suffered any consequences as a result. Mark needs to include more details to support his claims.

The second problem with Mark's complaint is that it contains allegations and claims that belong in separate lawsuits. Mark's allegations concern discrete incidents involving different defendants. Under Rule 20 of the Federal Rules of Civil Procedure, litigants are prohibited from bringing unrelated claims against different defendants in a single action. Even though all of Mark's allegations relate to his incarceration at New Lisbon Correctional Institution, his allegations relate to different incidents that occurred at different times and involved different staff members. There is no obvious connection between Mark's various claim, so he cannot proceed on all of these claims in a single lawsuit.

I will dismiss Mark's complaint without prejudice and give him the opportunity to file an amended complaint that complies with Rules 8 and 20 and better explains his claims against defendants. In drafting his amended complaint, Mark must limit his complaint in this case to claims that are based on a single incident or a series of related incidents. (If he wants to proceed on additional claims, he must file separate lawsuits and pay a separate filing fee for each lawsuit that he chooses to pursue.) Mark should state clearly what happened during the incident in question, when it happened, and what each individual defendant did, or did not do, that Mark believes violated his constitutional rights. Mark should draft the amended complaint as if he is telling a story to someone who knows nothing about his situation. He also should set forth his allegations in separate, numbered paragraphs and use short and plain statements. After he finishes drafting a complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case.  If Mark files an amended complaint, I will review it under 28 U.S.C. § 1915(e)(2)(B).

ORDER

IT IS ORDERED that plaintiff Jonathon Mark's complaint is DISMISSED without prejudice for its failure to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure. Mark may have until January 18, 2022 to file an amended complaint as set forth above. If Mark does not file an amended complaint by January 18, 2022, I will dismiss this case with prejudice for his failure to state a claim upon which relief may be granted.

Entered January 3, 2022.

BY THE COURT:

_/s/_____
JAMES D. PETERSON
District Judge